IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN F. CROSBY, III;<br>BENJAMIN F. CROSBY, JR.;<br>and PAULA CROSBY | PLAINTIFFS |
| v. | CAUSE NO. 1:18CV343-LG-JCG |
| JULIA E. PIPPIN, also<br>known as Judy Pippin,<br>Individually; PIPPIN<br>ENTERPRISES, INC.; and<br>RE/MAX HOLDINGS, INC. | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
RE/MAX HOLDINGS, INC.'S MOTION TO DISMISS**

**BEFORE THE COURT** is the [7] Motion to Dismiss filed by the defendant Re/Max Holdings, Inc., in this lawsuit that arose out of the filing of an affidavit allegedly containing misrepresentations or fraudulent statements in a state court lawsuit. The parties have fully briefed the Motion. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the plaintiffs' claims against Re/Max are barred by the statute of limitations and must, therefore, be dismissed with prejudice.

BACKGROUND

The Mittelstaedt family and the plaintiffs — Benjamin F. Crosby, III, Benjamin F. Crosby, Jr., and Paula Crosby (sometimes collectively referred to as "the Crosbys") — owned adjacent property in Carriere, Mississippi. The Crosbys permitted the Mittelstaedt family to use part of the Crosbys' property. In approximately 2009, the Mittelstaedts hired the realtor Julia E. "Judy" Pippen to

sell their property. The Complaint filed in the present lawsuit contains the following allegations:

On January 8, 2009, Paula Crosby executed and filed a Lis Pendens notice "to place the public on notice of Crosby's intent to revoke [the] Mittelstaedts' permissive use of a portion of the Crosbys' private property." (Compl. 5, ECF No. 1.) Pippen placed a "For Sale" sign on the Crosbys' property. Upon receipt of the Lis Pendens notice, the Mittelstaedts' attorney threatened that, if the Crosbys did not convey to the Mittelstaedts "the portion of [the Crosbys'] property to which [the] the Mittelstaedts enjoyed permissive use," the Mittelstaedts would sue the Crosbys for conspiring to reduce the value of the Mittelstaedt property so that the Crosbys could purchase the Mittelstaedt property. (*Id.* at 6.)

On September 29, 2009, the Mittelstaedts sued the Crosbys. Several years later, the parties entered into a settlement agreement in which the Mittelstaedts agreed to dismiss their lawsuit, pay settlement monies to the Crosbys, erect a fence and gate at the border between the Crosby and Mittelstaedt properties, and sign a notarized and witnessed apology letter addressed to the Crosbys. After the Mittelstaedts failed to fulfill the terms of the settlement agreement, the Crosbys filed a second Lis Pendens notice dated April 4, 2014, "to put the Mittelstaedts and the public on notice that the Mittelstaedt property was in violation of the . . . settlement agreement terms recorded with the Mittelstaedts' property deed." (*Id.* at 9.) The Mittelstaedts then filed a Motion to Enforce Settlement Agreement, alleging that the Crosbys violated the settlement agreement by filing the second Lis

Pendens. The Circuit Court Judge granted the Mittelstaedts' Motion on December 16, 2014, but the Crosbys did not receive a copy of the order until after the time to appeal had expired. On January 23, 2015, the Crosbys filed a Motion to Reopen the Time to Appeal. The Mittelstaedts filed an affidavit signed by the realtor Judy Pippin in support of their response to the Motion to Reopen. In the affidavit, Pippen testified that she is a licensed realtor with Re/Max, and that several potential buyers of the Mittelstaedt property lost interest after they were informed of each of the Lis Pendens filed by the Crosbys. The Crosbys contend that the affidavit caused the court to deny their Motion to Reopen.

Pippen's affidavit, which was signed, filed, and served on Crosbys' counsel on February 5, 2015, is the subject of the Crosbys' current lawsuit, which was filed on October 24, 2018. The Crosbys had previously filed and voluntarily dismissed two similar state court lawsuits — on February 2, 2018 and August 7, 2018 — concerning the affidavit. The Crosbys claim that the affidavit contains negligent misrepresentations or fraudulent statements, because the Lis Pendens notice did not encumber the Mittelstaedts' property. They also allege that Pippen used the affidavit to fraudulently conceal the Crosbys' cause of action for negligent misrepresentation or fraud. The Crosbys assert that they did not become aware of Pippen's alleged fraudulent statements until October 2016. Re/Max filed the present Motion to Dismiss, alleging, inter alia, that the Crosbys' claims are barred by the statute of limitations.

## DISCUSSION

To survive a motion to dismiss filed pursuant to Rule 12(b)(6) or Rule 12(c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

The statute of limitations for the Crosbys' negligent misrepresentation and fraud claims is three years. *See* Miss. Code Ann. § 15-1-49(1); *Stephens v. Equitable Life Assurance Society of U.S.*, 850 So. 2d 78, 82 (¶12) (Miss. 2003) (the three-year statute of limitations set forth in Miss. Code Ann. § 15-1-49 applies to fraud claims); *Bonds v. Modern Woodmen of Amer.*, No. 2014 WL 1255426, at *2 (N.D. Miss. March 26, 2014) (Miss. Code Ann. § 15-1-49 governs negligent misrepresentation claims).[1] ReMax argues that, due to the state court complaints the Crosbys filed,

---

[1] Re/Max argues in the alternative that the Crosbys' claims should be construed as a defamation claim subject to a one-year statute of limitations. The Crosbys' claims are barred by the three-year statute of limitations; thus, the Court will assume

-4-

the statute of limitations ran on June 5, 2018, at the latest.  The Crosbys counter that the statute of limitations should be tolled due to Pippin's alleged fraudulent concealment.  The Crosbys argue in their Memorandum that they first learned that Pippin's affidavit contained false statements when they "were approached by one of the subsequent buyers of the Mittelstaedt property" in October 2016.  (Pls.' Mem. 6, ECF No. 14.)  The Court will first determine when the statute of limitations began to run for the Crosbys' claims.

A cause of action accrues, and the statute of limitations "begins to run when all the elements of a tort, or cause of action, are present." *Weathers v. Metro. Life Ins. Co.*, 14 So. 3d 688, 692 (Miss. 2009) (quoting *Caves v. Yarbrough*, 991 So.2d 142, 147 (Miss. 2008)).  The elements of a cause of action for fraud are:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth; (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Trim v. Trim*, 33 So. 3d 471, 478 (Miss. 2010) (citation omitted).  To establish negligent misrepresentation, the following elements must be proven:

> (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the

---

solely for purposes of this Motion that the claims are negligent misrepresentation and fraud claims governed by a three-year statute of limitations.  Re/Max also argues that the Crosbys did not serve Re/Max with a copy of the correct Complaint.  Since the Complaint must be dismissed on other grounds, it is not necessary for the Court to address Re/Max's insufficient process and insufficient service arguments.

misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

*Holland v. Peoples Bank & Tr. Co.*, 3 So. 3d 94, 101 (Miss. 2008).

Pippen's affidavit was publicly filed and served on the Crosbys on February 5, 2015. Therefore, the statute of limitations began to run on that date. *See Weathers*, 14 So. 3d at 692. The Crosbys filed their first state court complaint on February 2, 2018, three days before the statute of limitations expired. Typically, the filing of a complaint tolls the statute of limitations. *Meeks v. Hologic*, 179 So. 3d 1127, 1134 (Miss. 2015). However, where, as here, the plaintiff voluntarily dismisses the complaint, the filing of the complaint does not toll the statute of limitations. *Koestler v. Miss. Baptist Health Sys., Inc.*, 45 So. 3d 280, 282-83 (Miss. 2010).[2] However, the Crosbys are not foreclosed from arguing that fraudulent concealment tolls the statute of limitations.

> Mississippi's fraudulent concealment statute provides:
>
> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code. Ann. § 15-1-67. Thus, a plaintiff asserting fraudulent concealment must "demonstrate that (1) some affirmative act or conduct was done and prevented

---

[2] Regions correctly notes that, even if the Crosbys had been entitled to tolling due to the filing of their first complaint, the statute of limitations would have been tolled for 120 days. *See Meeks*, 179 So. 3d at 1134. Since the Crosbys did not serve process, the statute would have resumed running on June 2, 2015, and expired three days later, on June 5, 2015. *See id.*

-6-

discovery of a claim, and (2) due diligence was performed on [its] part to discover it." *Stephens*, 850 So. 2d at 84.

The Crosbys argue that the affidavit signed by Re/Max's agent, Pippin, constituted not only an actionable fraud or misrepresentation but also an affirmative act that prevented discovery of the Crosbys' claims for fraud and misrepresentation. However, "the underlying wrongful act [must] be distinct from the 'fraudulent concealment.'" *Full House Resorts, Inc. v. Boggs & Poole Contracting Grp., Inc.*, 674 F. App'x 404, 405-06 (5th Cir. 2017); *see also Bryant v. Wyeth, Inc.*, 816 F. Supp. 2d 329, 334 (S.D. Miss. 2011). As a result, the Crosbys' argument that the affidavit constituted an affirmative act preventing discovery of the Crosbys' claim is without merit.

In addition, the Crosbys have not made any showing of due diligence. The Crosbys claim that the affidavit was fraudulent because Pippin implied that the Crosbys' Lis Pendens notice encumbered the Mittelstaedt property. The Crosbys do not explain how Pippin's affidavit could have prevented the Crosbys from discovering whether their own Lis Pendens notice actually encumbered title to the Mittelstaedt property. The Crosbys merely note that the lawsuit in which the affidavit was filed was contentious and involved the filing of over 200 docket entries. This is insufficient to establish due diligence.

## CONCLUSION

The Crosbys' claims against Re/Max are barred by the statute of limitations, and the Crosbys have not pled sufficient facts to establish fraudulent concealment.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by the defendant Re/Max Holdings, Inc., is **GRANTED**. The claims that the plaintiffs, Benjamin F. Crosby, III, Benjamin F. Crosby, Jr., and Paula Crosby, filed against Re/Max Holdings, Inc., are hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE